**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4798**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLARENCE SCRANAGE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:17-cr-00023-HEH-1)

Submitted:  October 31, 2018                          Decided:  November 9, 2018

Before KING, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leza L. Driscoll, LAW OFFICE OF LEZA L. DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Angela Mastandrea-Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Scranage, Jr., appeals from his convictions by a jury for conspiracy to distribute and dispense oxycodone and multiple counts of distribution of oxycodone. On appeal, Scranage contends that he did not knowingly, intelligently, and voluntarily waive his Sixth Amendment right to the assistance of counsel before proceeding to represent himself in his criminal proceedings. He claims that the district court's consideration of a plan requiring him to sell some of his assets to reimburse court-appointed counsel compelled him to proceed pro se to avoid financial hardship.

We review de novo a district court's determination that a defendant has waived his Sixth Amendment right to counsel. *United States v. Singleton*, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). The Sixth Amendment guarantees not only the right to be represented by counsel but also the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975). The decision to represent oneself must be knowing and intelligent, *id.* at 835, and courts must entertain every reasonable presumption against waiver of counsel. *Brewer v. Williams*, 430 U.S. 387, 404 (1977). The record must show that the waiver was clear, voluntary, knowing, and intelligent. *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013).

While a district court must determine whether a waiver of counsel is knowing and intelligent, no particular interrogation of the defendant is required, as long as the court warns the defendant of the dangers of self-representation so that "'his choice is made with his eyes open.'" *United States v. King*, 582 F.2d 888, 890 (4th Cir. 1978) (quoting *Faretta*, 422 U.S. at 835). "The determination of whether there has been an intelligent

waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *see Singleton*, 107 F.3d at 1097-98 (court must consider record as a whole, including the defendant's background, capabilities, and understanding of the dangers and disadvantages of self-representation).

Here, we find that the district court did not err in granting Scranage's request to waive counsel and represent himself. An examination of the record demonstrates that Scranage's election to proceed pro se was clear, knowing, intelligent, and voluntary. The magistrate judge's colloquy was detailed and complete, and Scranage, a medical doctor, stated under oath that he fully understood his choice. Moreover, court-appointed counsel was designated as standby counsel for the duration of the proceedings to assist Scranage when needed for procedural matters, at no cost to Scranage. The court repeatedly reminded Scranage that standby counsel was available to assist him. Further, the record is devoid of any indication that the court's consideration of a plan to require Scranage to sell a few identifiable assets to reimburse court-appointed counsel amounted to financial duress compelling Scranage to proceed pro se.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*